PRITCHARD, County Judge, v. NATIONAL SURETY CO. OF NEW YORK.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1924.)

No. 4231.

Depositaries ☞13—Undertaking of bond that bank should faithfully keep and account for county's deposit held violated by bank's failure to keep sufficient funds to pay deposit.

Undertaking that funds of county should be faithfully kept and accounted for by bank was violated by bank's failure to keep sufficient funds on hand to pay deposit; hence, where, before bond expired, bank notified county that it could not pay balance of deposit, it was not necessary for county to formally present its warrant or check to make surety liable, though bank did not close its doors until after bond expired.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action by Ed S. Pritchard, County Judge, against the National Surety Company of New York. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

R. N. Grisham, of Eastland, Tex. (J. S. Grisham and R. C. Grisham, both of Eastland, Tex., on the brief), for plaintiff in error.

A. S. Rollins, of Dallas, Tex. (Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is a suit by the county judge of Eastland county, Tex., for the benefit of that county, on a

bond for $125,000 in favor of his predecessor in office, executed July 14, 1920, by the First National Bank of Ranger, Tex., as principal, and the National Surety Company of New York, as surety. The condition of the bond is as follows:

"The condition of the above obligation is such that, whereas, the above bounden First National Bank of Ranger, Texas, has assumed the depository contract of the American National Bank, and has agreed to pay the sum of 4.52 per cent. interest on the daily balance on all funds for Eastland county, state of Texas, derived from the sale of good road bonds, for the period of time from this day until the 10th day of February, 1921: Now, therefore, if the said First National Bank of Ranger, Texas, shall faithfully perform and discharge all duties and obligations devolving upon it by law as such depository aforesaid, and shall pay upon presentation all checks drawn upon it by the county treasurer of said county, whenever any county funds shall be in said depository applicable to the payment of said checks, and that all funds of the county shall be faithfully kept by said depository and accounted for according to law, then this obligation to be null and void; otherwise, to remain in full force and effect."

The American National Bank was the designated depository of county funds, but was unwilling to furnish the statutory bond to secure county deposits derived from a large bond issue for roads, and because of this situation the First National Bank of Ranger furnished the bond sued on, after which quite a large sum was deposited with it. Withdrawals from time to time were made by county warrants indorsed by the county treasurer. During January of 1921 the bank requested the county judge to notify it in advance of county funds being withdrawn in large amounts. About February 1, 1921, the county judge advised the bank that it was his purpose immediately to withdraw the balance of the county funds, amounting to $18,291.27, inasmuch as the bond would expire on February 10, following. The vice president of the bank, who was in control of its affairs, thereupon replied that the bank could not and would not pay the amount then on deposit with it, that the only result of presenting a warrant or check for the deposit would be the closing of the bank, and that if the bank became able to pay the amount of the county's deposit it would advise the county officials. On February 17, 1921, the bank closed its doors, and a receiver of its affairs was appointed.

The evidence being undisputed, the District Court instructed a verdict against the bank for the full amount claimed, but in favor of the surety company, and entered judgment accordingly. If the bond had been executed by the depository of county funds, liability thereon would have been extended for 60 days beyond the time limit of February 10, 1921. Vernon's Sayles' Texas Civil Stat. 1918, Supp. art. 2444.

But in the view we take of the case it is immaterial whether the defendant surety company assumed the obligation of the depository bank designated by statute, and therefore became liable. The bond sued on, not only secured the payment of all checks, but also rendered the surety liable by the further undertaking "that all funds of the county shall be faithfully kept * * * and accounted for" by the principal. According to the undisputed evidence, the principal was unable during the period admittedly covered by the bond to pay over the county funds protected by the bond. It was just as much a violation of the condition of the bond to fail to keep the money on hand as it was to fail to pay warrants or checks presented over the bank's counter. When the bank notified the county that it would not and could not pay the balance of the deposit, it was unnecessary, because useless, for the county formally to present its warrant or treasurer's check.

The judgment in favor of the surety company is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.